IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZABRIEL LEON EVANS,

                    Petitioner,

          v.                              CASE NO. 22-3147-SAC

STATE OF KANSAS,

                    Respondent.


<u>MEMORANDUM AND ORDER</u>


     This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As explained below, the Court will dismiss this matter for lack of jurisdiction and deny as moot the motion for leave to proceed *in forma pauperis* (Doc. 3).

     In 2005, a jury in Sedgwick County, Kansas convicted Petitioner of two counts of aggravated burglary and one count each of rape, aggravated criminal sodomy, and theft. *See State v. Evans*, 2007 WL 1042136 *1 (Kan. Ct. App. 2007) (unpublished opinion) (*Evans I*), *rev. denied* Sept. 27, 2007; *see also* Online Records of Sedgwick County District Court, Case No. 2004-CR-001978-FE. Petitioner pursued a direct appeal and, on April 6, 2007, the Kansas Court of Appeals (KCOA) affirmed his convictions and sentences. *Evans I*, 2007 WL 1042136, at *1, 5. The Kansas Supreme Court (KSC) denied

1

Petitioner's petition for review on September 28, 2007. *Id.* at *1.

Petitioner then sought habeas corpus relief in the state court by filing a motion for relief under K.S.A. 60-1507. *Evans v. State*, 2011 WL 1004609 (Kan. Ct. App. 2011) (unpublished opinion) (*Evans II*), *rev. denied* Oct. 3, 2011. That proved unsuccessful, and on January 3, 2012, he filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 convictions. *See Evans v. Kansas*, Case No. 12-cv-3002-SAC, Doc. 1.

The Court denied the petition in March 2014, holding that some of Petitioner's claims were procedurally defaulted and the remainder failed on their merits. *Evans v. Kansas*, 2014 WL 839232 (D. Kan. Mar. 4, 2014) (unpublished memorandum and order). Petitioner appealed but the Tenth Circuit denied his request for a certificate of appealability and dismissed the appeal. *Evans v. Kansas*, 580 Fed. Appx. 631 (10th Cir. 2014) (unpublished order).

Since that time, Petitioner has remained active in the state and federal court systems; additional proceedings will be discussed as necessary below but are not further detailed here. On July 18, 2022, Petitioner filed in this Court his current petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

The Court has conducted a preliminary review of the petition

and attached exhibits and finds that this matter is a second application for habeas corpus. As noted above, the first application was adjudicated in *Evans v. Kansas*, Case No. 12-cv-3002-SAC.[1] Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so.

Where a petitioner fails to obtain the prior authorization, the federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Because Petitioner is proceeding pro se, the Court will liberally construe the petition and hold it to "'less stringent standards than formal pleadings drafted by lawyers.'" *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Even doing so, however, Petitioner's claims are difficult to decipher. Nevertheless, it is clear that the arguments Petitioner now wishes to raise were not raised in his first federal habeas petition.

---

[1] Petitioner appears to assert that the current petition attacks the state courts' rulings on the 60-1507 motion he filed in 2020 and/or the state courts' rulings on the motion for DNA testing he filed in his criminal case in 2018. But additional state-court proceedings that occur after a federal habeas petition is resolved do not necessarily create a right to file additional federal habeas petitions. Here, Petitioner is still incarcerated pursuant to and attempting to challenge the same convictions he challenged in the federal habeas petition he filed in 2012. Accordingly, this is a second federal application for habeas corpus relief.

Under 28 U.S.C. § 2244(b)(2),

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The Court has reviewed the petition and concludes that Petitioner has not made the required showings under 28 U.S.C. § 2244(b)(2) with respect to his claim in this petition. In addition, when deciding if the interest of justice requires transfer to the Tenth Circuit for authorization to proceed with this second habeas petition, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See In re Cline*, 531 F.3d at 1251. To the extent they can be deciphered, Petitioner's claims that the state courts improperly applied admiralty and maritime law in his criminal proceedings appear unlikely to have merit and at least some of his claims may be procedurally defaulted.

Thus, the Court concludes that it would not serve the interest

of justice to transfer the petition to the Tenth Circuit for possible authorization of this second § 2254 petition and the Court will instead dismiss this matter without prejudice for lack of jurisdiction. Because the Court lacks jurisdiction over this matter, it will deny the motion to proceed *in forma pauperis* (Doc. 3) as moot. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an unauthorized second petition under 28 U.S.C. § 2254, which this Court lacks jurisdiction to consider. Therefore, the Motion for Leave to Proceed in forma pauperis (Doc. 3), is **denied**

**as moot.** No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 21st day of July, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge